THOMAS HOLBROOK, Administrator of ISAAC MORGAN vs. ZEBINA BLODGET.

When one of the heirs of an estate appears before the Court of Probate on his own account solely, to oppose the allowance of an administrator's account, and the administrator in consideration of his withdrawing his objection to the account, executed a discharge of a debt which as administrator he held against him, such discharge is executed upon a valuable consideration, and will discharge any action brought to recover the debt.

A receipt in full, executed by a person on the supposition that his claim amounted to a certain sum only, when he had the means of ascertaining the amount, and was informed that the discharge must be a discharge of his whole demand without regard to the sum, will be considered as a discharge of his whole demand, notwithstanding it may amount to a greater sum than was supposed.

This was an action of *Assumpsit* brought on two promissory notes, purporting to be executed by the defendant, to said intestate, on the 24th day of July 1819, one for $20, and the other for $132, &c.

Plea of payment of $500, to the plaintiff, as administrator, on the 12th July 1832, in full satisfaction of said notes. To support this plea which was traversed, and issue joined to the country, the defendant gave in evidence a receipt in writing of that date, whereby the plaintiff under his own hand, as administrator acknowledged the receipt of $500, of the defendant, in full of all demands, in favor of said estate against the defendant. The plaintiff also gave in evidence another receipt, executed to him as administrator by the defendant, of the same date wherein the defendant acknowledges the receipt of a certain

Essex,
March,
1833.

Holbrook
vs.
Blodget.

sum of money of the plaintiff, as administrator, in full, for a certain judgement, which the defendant held in his favor against said estate. The plaintiff also insisted that his receipt to the defendant was obtained by a fraud or mistake, which should avoid the receipt or limit its extent. To prove this *fraud* or *mistake*, the plaintiff introduced Rich Stevens, who testified, that on the 12th July, 1832, he went with the plaintiff to Lunenburgh to appear before the Probate Court, and assist the plaintiff to have his administration account allowed, which was then pending before said Court, for allowance, and there saw the defendant, who appeared with General Seth Cushman, as his counsel, to resist the allowance of said account. Cushman said the plaintiff's account was large, and would be cut down, if any body objected to the allowance; and said if the plaintiff would give up the notes against the defendant, the defendant would not appear before said Court and object to the plaintiff's administration account, that he asked Cushman how much he supposed was due on the notes? and he answered that he thought there were $26 or $27 due, but said he would go and see; and after being absent a while returned, and said the sum due was some over $28, but he *would vouch* or *guarantee* it was not over $30. The plaintiff and defendant then went out of doors and the witness set down to the table to look over the papers and ascertain the balance due to the plaintiff. Before the witness got through with his cast, the defendant came into the house and requested a pen and ink, which he took and carried out of doors. Soon after the witness saw the receipt, which was signed by the plaintiff. The defendant did not, afterwards appear to oppose the allowance of the plaintiff's administration account. Witness further testified, there were eight *heirs* to the estate, and the defendant was one of them, and bought out two others. According to his, the witnes's cast, there were $83 or $84 balance, due from the defendant to said estate.

Defendant called General Seth Cushman, who testified that on the 12th July 1832, he went to Lunenburgh for the defendant to oppose the plaintiffs' administration account before the probate Court, and had conversation with *Stevens;* then with the plaintiff, and told them that if the

66

Essex,
March,
1833.

Holbrook
vs.
Blodget.

plaintiff would pass mutual receipts in full of all demands with the defendant, the defendant would not appear before the Court to oppose the plaintiff's administration aforesaid; and if such receipts were not executed, the defendant would oppose the allowance of said account.— Something was said by witness, as to the amount of the balance due to the defendant, as administrator, but what, the witness has not a distinct recollection, but is sure he never said he would *vouch* or *guarantee* it was *not over* $80. The defendant instructed the witness, as counsel, that if mutual receipts were executed, it must be done without reference or regard to the amount of balance due from the defendant to the plaintiff as administrator. For the defendant was determined to have a full settlement with the plaintiff, or none. On this ground the amount of balance became immaterial, though witness shortly before the receipt was given informed the plaintiff of his, witness' instructions, as above stated; and on this ground the receipts were executed.

Judge Gates, testified that he heard General Cushman tell the plaintiff, just before the receipts were signed, that they must be executed without any regard to the amount of the balance that was due from the defendant to said estate. Cushman told the plaintiff he did not know how much the balance was; and witness thinks both of said receipts were signed at the table.

M. Haywood, testified that the receipts were signed at the table. There was no evidence that the defendant was employed by any of the heirs to said estate to oppose the allowance of said administration account, or that any of the heirs were dissatisfied with said account except the defendant.

The evidence being closed, the counsel for the plaintiff requested the Court to charge the jury,

1st. That if they found that the only consideration for the receipt relied upon by the defendant was the agreeing to withdraw his objection to the allowance of the administration accounts, that said receipt was void and inoperative in law, for want of a legal consideration.

2. That if the jury found that Cushman for the defendant did tell the plaintiff that the settlement was to be made

Essex,
*March*,
1833.

Holbrook
*vs.*
Blodget.

without regard to the amount of the balance between said allowances, yet, if Cushman in behalf of the defendant did request the plaintiff to remain while he went to the Judge of Probate's room; and if said Cushman returned and said that the same was not over thirty dollars, and that he would *vouch* or *guarantee*, that the sum was not over thirty dollars, then in law, said receipt would operate as a discharge for, only thirty dollars, and the plaintiff would be entitled to recover the difference between thirty, and the amount of the balance of the aforesaid allowance.

3d. The Court is requested to charge the jury that if the receipt relied on by the defendant was given upon no other consideration than an agreement by the defendant, not to oppose the plaintiff's administration account, then pending before the Judge of Probate for allowance, that the receipt is void or inoperative in law, and the plaintiff entitled to a verdict for any thing stated in said receipt.

The Court charged, that on the 12th July 1832, the plaintiff and defendant passed mutual discharges, the plaintiff by his receipt says, he received $500, in full for all demands, he, as administrator on the *estate* of Isaac Morgan, deceased, had on the defendant. And the defendant gave his receipt to the plaintiff for $500, in full for a certain judgement in his favor against said estate. Now the plaintiff sues the defendant on two notes which the defendant gave the intestate; the defendant pleads payment. The plaintiff says this receipt was obtained by *fraud* or mistake. If the receipt was obtained on either of these grounds, it is not good; but to avoid the receipt for fraud, the fraud must be proved. Has the plaintiff satisfactorially proved that this receipt was obtained by fraud or mistake? If he has, then you will lay the receipt out of the case, and find for the plaintiff the same he claims, $54; but if he has not, then you will find for the defendant his costs.

The plaintiff excepted to the charge, and the omission of the Court to charge as requested; which exceptions were allowed, and the cause passed to the Supreme Court for further adjudication.

Essex,
March,
1833.

Holbrook
vs.
Blodget·

*J. Mattocks, for plaintiff.*—1st, The agreement to withdraw the objection to the administration account, was the only consideration of the discharge ; and this was an illegal consideration. Therefore the the right of discharge not being under seal, is invalid for want of consideration. This consideration was against the policy of the law.—Esp. N. P. 92. *Nerot* vs. *Wallace et al.* 3 T. R. 17. This was also *contra bonos mores.* The parties were both performing a trust. The administrator was acting for creditors and heirs, and defendant for heirs ; & they were both colluding to pervert justice by stifling an examination before the Judge of Probate. It is said the defendant was only acting for himself, in objecting to the allowance of the account. A defence of one heir would operate as a defence for all ; and none others appearing, the Court will presume he appeared for all. The case shews that the others would not have consented to the bargain, and the bargain shews that it was the debt of defendant alone that was given to buy him off, or that the other heir knowing he attended, therefore omitted to defend. The agreement not to defend, was not a valuable consideration.—It might be no damage to defendant, nor benefit to plaintiff, as others might defend or appeal. The contract was only that defendant would not defend. It is like the grant of an estate at will, which may be put an end to in an hour; and therefore, says the law, is a trifling consideration, and not valid.

2d, The Court wholly omitted to charge the jury that if they found the facts relating to the amount of the debt against defendant, and the statement and assurance of Gen. Cushman, counsel for defendant, as plaintiff contended they were proved, that the procuring the dischrge under those circumstances was fraudulent in law as to all above the sum of $30, and that therefore the discharge or payment should operate only a payment of $30, and plaintiff be entitled to recover the balance. The Court only charged generally, that if they found the discharge fraudulently obtained, it was void; but wholly omitted to instruct them as requested by plaintiff's counsel, what would be in law fraud as related to the facts which the plaintiff's testimony tended to prove.

*Cushman, for defendant.*—There was a sufficient consideration for the receipt.

1st. The receipt of $500 was executed by defendant to plaintiff in discharge of a judgement.

2d. Omitting to appear and defend against the account of plaintiff, as administrator of said estate, was a consideration.—1 Swift. Dig. 189-90.—Big. Dig. 150, and authorities there cited.

There was no fraud or mistake.

The amount of defendant's indebtedness to the estate, was a fact as well known, and within the power of the plaintiff to know, as within the means of the defendant's knowledge ; and if plaintiff did not ascertain it, it was his negligence.—2 Stark. Ev. 470.

An agent must act within his instructions, or the principal is not bound.—2 Stark. Ev. 60.—1 Swift. Dig. 328-9.

Principal is not bound by misrepresentations of the agent.—7 John. R. 391, *Gibson* vs. *Coit & others.*

If a promise be made on two considerations, and one is valid and the other not, the promise is binding.—Big. Dig. 152.—8 Mass. 46.

The opinion of the Court was delivered by

WILLIAMS, J.—The question to be decided in this case arises from the omission of the Court to charge the jury as requested by the plaintiff. If the plaintiff was entitled to the charge requested, then the judgement must be reversed, as the Court omitted to state the law as claimed by the plaintiff. The first and third request appear to be nearly the same, and are founded on the idea that the agreement of the defendant not to oppose the allowance of the plaintiff's account, as administrator would not be a legal consideration for the discharge executed by the plaintiff.

It appears that the plaintiff, as administrator to the estate of Morgan, has presented to the Court of Probate his administration account for allowance. The defendant, as one of the heirs, appeared to oppose the allowance of the account. This the defendant might do for his own benefit alone ; and if he did, it then became a controversy between him and the administrator. It does not appear from any

part of the testimony, that he was agent for any of the other heirs.—Nor is the request to the Court predicated upon any such supposition. The defendant, therefore, by agreeing to withdraw his objections to the allowance of the account, was in no way instrumental in assisting the administrator to defraud the other heirs. The Judge of Probate was to allow the account, and to see that it was correct.— The other heirs were undoubtedly notified, and might have made the same objection as the defendant. If they did not choose to be at the expense of contesting the administrator's account, and the defendant did think proper so to do, the controversy was wholly between this plaintiff and this defendant. A settlement of this controversy, to avoid further litigation, may have been, & was undoubtedly thought by both to be, advantageous to both.

This was a legal consideration for a contract, and also for the discharge which the plaintiff then executed. The plaintiff was not therefore entitled to the charge which he asked on his first and third request, to wit, that the jury should be told that the discharge executed under such circumstances was inoperative and void.

The second request is founded upon the supposition that there was no fraud intended or practised, but that the discharge was executed on the suggestion of Mr. Cushman, that not more than thirty dollars were due to the plaintiff, when there was a greater sum; and the plaintiff therefore claimed that it should be good only for that sum, although the plaintiff was told that the settlement was to be made without any regard to the amount due. But if the plaintiff did set his name to the discharge understandingly, and being informed that it must be a discharge of the whole sum due on the judgement, he must abide by the legal effects of that instrument which he then executed, more especially as the means of ascertaining the balance was equally within the power of either of the parties, and depended only on a computation. He must, or might have known the amount of his own claim, and if he chose to rely on the statement of Mr. Cushman, he cannot now complain. This is wholly different from the case supposed in the argument, when a person intends to take a note for the amount of a judgement, and on application to the Clerk for a statement

of the judgement, he gives them a wrong sum : In that case, the note is intended to be given for the amount as ascertained. In this case, the parties intended to discharge the whole claim, more or les—making what is vulgarly called *a jumping settlement.* The statement of Mr. Cushman was only a part of the conversation preparatory to the final adjustment. The plaintiff therefore was not entitled to the charge asked for in this request.

The Court was not requested to point out particularly what fraud would operate to avoid a discharge ; but those facts which the plaintiff claimed to have considered as conclusive evidence of fraud in the first and third request, we do not think constituted any fraud whatever. The discharge, therefore, which was executed by the plaintiff, was a bar to his claim.

The judgement of the County Court is therefore affirmed.